UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARL LORINZO CAPERS,

    Plaintiff,

v.                                                      Case No. 3:17cv38-MCR-CJK

LIEUTENANT GAYNOR, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed a complaint under 42 U.S.C. § 1983 (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2). Upon review of plaintiff's complaint and prior litigation history, the court has discovered plaintiff is a "three-striker" and this action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

According to 28 U.S.C. § 1915(g), a provision of the *in forma pauperis* statute,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff is subject to the three-strikes bar of § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds they were frivolous, malicious, or failed to state a claim upon which relief may be granted. The court takes judicial notice plaintiff has previously been recognized as a "three-striker" in *Capers v. McDuffie*, Case No. 1:16cv21696-MGC (S.D. Fla.) (finding plaintiff subject to the three-strikes provision of § 1915(g) and dismissing complaint because plaintiff failed to pay the filing fee at the time he filed it). The court also takes

Case No. 3:17cv38-MCR-CJK

judicial notice of the following cases that constitute "strikes" against plaintiff for purposes of § 1915(g): *Capers v. Coker, et al.*, Case No. 3:16cv504-MCR-EMT (N.D. Fla.) (dismissing complaint as malicious for failure to fully disclose litigation history and assessing a "strike" under 28 U.S.C. § 1915(g)); *Capers v. Williams, et al.*, Case No. 2:15cv700-FtM-99MRM (M.D. Fla.) (dismissing complaint as abuse of the judicial process for failure to fully disclose litigation history and noting dismissal counted as a "strike" for purposes of the "three strikes" provision of 28 U.S.C. § 1915(g)); *Capers v. Clark, et al.*, Case No. 3:11cv48-RJC (W.D.N.C.) (dismissing case pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted); and *Capers v. Preston, et al.*, Case No. 3:10cv225-GCM (W.D.N.C) (dismissing case pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted).  Accordingly, plaintiff may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g), *Brown, supra*.

Although plaintiff has alleged his life is in danger and guards at Santa Rosa Correctional Institution are trying to kill him by allowing "fumes" to enter his cell and exit through the window, he has set forth no facts whatsoever even suggesting he is under imminent danger of serious physical injury.  Because he did not pay the filing fee at the time he initiated this action, and because it plainly appears he is not

entitled to proceed *in forma pauperis*, this case should be dismissed under 28 U.S.C. § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1.  That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 26th day of January, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:17cv38-MCR-CJK